```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   UNITED STATES OF AMERICA,                                :
                                                            :
                                                            :            20 Cr. 32 (LGS)
                      -against-                             :
                                                            :               ORDER
   JUAN PABLO DUARTE,                                       :
                                       Defendant,           :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS a sentencing hearing is currently scheduled for February 8, 2022, at 11:00 a.m.

WHEREAS the Presentence Investigation Report ("PSR"), last revised on January 13, 2021, calculates a Total Offense Level of 31 and a Criminal History Category of II. This results in a recommended Guidelines range of 121 to 151 months imprisonment, without consideration of the statutory mandatory minimum term of 120 months (10 years) imprisonment and minimum term of five years supervised release.

WHEREAS the "court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)–18 U.S.C. § 3553(f)(5)" ("Safety Valve") as set forth below:

1. The defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of §4A1.3 (Departures Based on Inadequacy of Criminal History Category);

2. The defendant did not use violence or credible threats of violence or possess a

       firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

3. The offense did not result in death or serious bodily injury to any person;

4. The defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

5. Not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

WHEREAS in the plea agreement dated September 9, 2020, and in their written sentencing submissions, the parties do not dispute Defendant's Criminal History Category of II but assert that Defendant is Safety Valve eligible and that the mandatory minimum terms of imprisonment and supervised release do not apply.

WHEREAS the Probation Department found Defendant ineligible for the Safety Valve because he has two criminal history points and apparently does not meeting the criterion at U.S.S.G. § 5C1.2(a)(1). It is hereby

**ORDERED** that by **February 4, 2022**, the parties shall file a joint letter stating on what basis the Court has authority to apply the Safety Valve and sentence a defendant to less than the statutory minimum when he has more than one criminal history point, as in this case, or if there is

no such basis, stating whether they request an adjournment of the sentencing in order to renegotiate the plea agreement.

Dated: February 3, 2022
      New York, New York

                                                LORNA G. SCHOFIELD
                                          UNITED STATES DISTRICT JUDGE